IN THE CIRCUIT COURT OF FRANKLIN COUNTY, TENNESSEE

LUCILLE P. ELLIS,                )
                                 )
          Plaintiff,             )
                                 )
vs.                              )     Case No.: 2016-CV-164
                                 )
STATE AUTO INSURANCE COMPANY     )
and V.R. WILLIAMS INSURANCE      )
COMPANY, INC.                    )
                                 )     FILED 7-1-16
          Defendant.             )     TIME 4:38 M
_____)     ROBERT BAGGETT
                                       CIRCUIT COURT CLERK
                                       FRANKLIN COUNTY, TN

## COMPLAINT

Comes the Plaintiff, **LUCILLE P. ELLIS**, and for her cause of action herein states the following:

1.    Plaintiff, **LUCILLE P. ELLIS** is a resident citizen of Franklin County, Tennessee whose principal address is 110 Wells Street, Estill Springs, Franklin County, Tennessee 37330.

2.    Defendant, **STATE AUTO INSURANCE COMPANY** is a foreign insurance corporation licensed to do business in the State of Tennessee. Defendant, **STATE AUTO** is served with proper process through the Commissioner of Insurance, State of Tennessee.

3.    Defendant, **V.R. WILLIAMS COMPANY, INC.** is a Tennessee corporation authorized and doing business in the State of Tennessee with its principal office in Winchester, Franklin County, Tennessee. Defendant, **V.R. WILLIAMS** is an insurance agency selling and marketing all lines of insurance including casualty, homeowners, automobile, health and other insurance lines.



EXHIBIT
2

4. Plaintiff, **ELLIS** is the owner in fee simple of her principal residence located at 1110 Wells Street, Estill Springs, Franklin County, Tennessee. Plaintiff alleges that on or about May 23, 2014, Defendant, **STATE AUTO** issued its homeowners policy number HTN0002591 covering the policy period from May 23, 2014 to May 23, 2015, insuring Plaintiff's premises with a homeowner's policy. Said policy covered liability, fire and casualty loss, and provisions for other forms of losses pursuant to the terms and provisions of the policy. A copy of said policy is attached hereto as Exhibit "1" to the Complaint.

5. Plaintiff alleges that said policy was issued through the general insurance agency, **V.R. WILLIAMS AND COMPANY**. Plaintiff alleges the premium for said policy was paid in full and that the subject policy was in full force and effect in all respects during the one (1) year term of said insurance policy.

6. Plaintiff alleges that on June 20, 2014, the water heater in Plaintiff's home burst, causing a water leak for an extended period of time in Plaintiff's home which caused damage in and to the area where the water heater was located as well as damage to the bathroom and surrounding areas of Plaintiff's home.

7. Plaintiff alleges that on June 20, 2014 she called the office of **V.R. WILLIAMS** to report the burst pipe/flooding incident and requested that Defendant, **V.R. WILLIAMS** arrange for a cleaning company to come to Plaintiff's home to dry the moisture and to prevent any further or extensive damage to the floor, walls, and

other structures affected by the flooding. Plaintiff further alleges that the Defendant, **V.R. WILLIAMS** made no arrangements for the cleanup of Plaintiff's property.

8. Plaintiff further alleges that over one (1) week passed before an adjuster from Defendant, **STATE AUTO** made any inspection of Plaintiff's premises. Plaintiff would state that the **STATE AUTO** adjuster made only a cursory inspection of the damaged area of the home and made no inspection of damage to the subfloor, walls, and other areas that were damaged by the flooding incident.

9. Plaintiff further alleges that **STATE AUTO** sent its "preferred contractor" **BARRETT CONSTRUCTION** of Coffee County, Tennessee to inspect the damages and estimate for repair. The damages compiled by **BARRETT CONSTRUCTION** were significantly more than the damages assessed by the **STATE AUTO** adjuster. In spite of the report of **STATE AUTO'S** own "preferred contractor" **STATE AUTO** refused to honor the damage estimate of **BARRETT CONSTRUCTION** and refused in all respects to repair the extensive damages to Plaintiff's home thereby breaching the terms and provisions of the homeowner's insurance policy issued by Defendant, **STATE AUTO**.

10. Plaintiff further alleges that she obtained damage estimates of her own, submitted those to Defendant, **STATE AUTO**, and **STATE AUTO** refused to honor any of the reasonable estimates supplied by Plaintiff. Said actions further are in breach of the terms and provisions of **STATE AUTO'S** homeowner insurance contract.

11.     Plaintiff would allege that all of her actions and attempts at settlement of her claim were carried out in good faith. She would allege that the acts of Defendant, **STATE AUTO** and its employees and agents are fraudulent and not carried out in good faith and constitute violations of the Tennessee Bad Faith Statute codified at T.C.A. §57-6-105.  Plaintiff is entitled to all damages and attorney's fees under said Bad Faith Statute.

COUNT TWO

Plaintiff incorporates all of the allegations set forth in paragraph 1 through 11 set forth above.

12.     Plaintiff alleges that upon inspecting the terms and provisions of her insurance policy number HTN0002591, she discovered that her dwelling place, the structure, was valued at $162,900.00.  Plaintiff further discovered that said valuation was over four (4) times the actual value of her structure at 110 Wells Street in Estill Springs, Tennessee.  Said valuation was placed on the subject insurance policy by Defendant, **STATE AUTO INSURANCE** and/or agents of **V.R. WILLIAMS**.  Said fraudulent valuation was placed solely for the purpose of collecting higher insurance premiums from Plaintiff.  Plaintiff is unaware at the filing of this suit for how many years grossly excessive valuations were placed on her residence.

13.     Plaintiff alleges that upon discovery of the above valuations, she contacted the insurance company demanding a refund. Due to said demands for refund and Plaintiff's refusal to settle

her extensive claim for the reduced amount insisted upon by **STATE AUTO**, **STATE AUTO** cancelled Plaintiff's homeowner's policy.

14. Plaintiff alleges that the actions of **STATE AUTO** in grossly over valuing her property for the sole purpose of collecting excess insurance premiums are in violation of the Tennessee Consumer Protection Act and that Plaintiff should be entitled to treble damages for the recovery of all excess premiums and fees as well as attorney's fees and other relief set forth in the T.C.P.A.

### COUNT THREE

Plaintiff incorporates all of the facts and allegations set forth in paragraph 1 through 11 set forth above as part of Count Three.

15. Plaintiff alleges that the actions of the Defendants, **STATE AUTO** and/or Defendant, **V.R. WILLIAMS** constitute fraud, unfair dealing, said actions are carried out in bad faith, said actions are intentional and are solely for the purpose of defrauding the Plaintiff herein and entitle the Plaintiff to punitive damages as well as compensatory damages for her loss.

**WHEREFORE,** Plaintiff alleges that she is entitled to judgment against the Defendants for the costs of repair and/or replacement of the damages to her real property and contents in her real property, costs for cleanup and debris removal and costs for living expense in the amount of $150,000.00 and punitive damages in the amount of $1,000,000.00.

Plaintiff demands a jury of twelve (12) to try the issues herein when joined.

Respectfully submitted;

BY: _____
GREGORY M. O'NEAL
2 S. Jefferson St.
P.O. Box 555
Winchester, TN  37398
(931) 967-9496
BPR #5617

WE GO SURETY FOR COSTS
NOT TO EXCEED $500.00.

BY: _____
GREGORY M. O'NEAL

STATE OF TENNESSEE
COUNTY OF FRANKLIN
12th JUDICIAL DISTRICT

FILE NO: 2016-CV-164

LUCILLE P. ELLIS,

Petitioner,

VS.

STATE AUTO INSURANCE COMPANY and V.R. WILLIAMS
INSURANCE COMPANY      ,

Respondents.

To the above named Defendant:     V.R. Williams Insurance Company, Inc.
1784 Sharp Springs Road
Winchester, TN  37398

     You are summoned to appear and defend a civil action filed against you in Circuit Court, Franklin County, Tennessee, and your defense must be made within thirty (30) days from the date this summons is served upon you or as otherwise allowed by law.  You are further directed to file your defense with the Clerk of Court and send a copy to the Plaintiff's attorney at the address listed below.

     In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 7-1          , 20 16 .

Circuit Court Clerk
Franklin County, Tennessee

By: Pam Anderson

Deputy Clerk

ATTORNEY FOR PLAINTIFF     GREGORY M. O'NEAL
2 S. Jefferson Street
P.O. Box 555
ADDRESS                    Winchester, TN 37398

**NOTICE**

**TO THE DEFENDANT(S):**
Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment.  If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court.  This list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list.  Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books.  Should any of these items be seized you would have the right to recover them.  If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. [T.C.A 26-2-114.]

**TO THE SHERIFF:**

     Please execute this summons and make your return hereon as provided by law.

Received this summons for service this _____ day of _____, 20_____.

Circuit Court Clerk

Officer

IN THE CIRCUIT COURT OF FRANKLIN COUNTY, TENNESSEE

LUCILLE P. ELLIS,        )
                         )
        Plaintiff,    )
                         )
vs.                   )   Case No.: <u>2016-CV-164</u>
                         )
STATE AUTO INSURANCE COMPANY )
and V.R. WILLIAMS INSURANCE  )
COMPANY, INC.            )
                         )
        Defendant.   )

## MOTION TO WITHDRAW

Comes **GREGORY M. O'NEAL**, counsel for the Plaintiff, **LUCILLE P.**

**ELLIS**, and respectfully moves the Court for an Order allowing him

to withdraw as counsel in the captioned case.

In support of his motion, counsel would state to the Court

that there is a conflict of interest with one (1) of the

Defendants, **V.R. WILLIAMS INSURANCE COMPANY, INC.**, which requires

counsel to withdraw as counsel of record.

Counsel respectfully requests the Court to allow the Plaintiff

at least thirty (30) days to employ other counsel of record.

Respectfully submitted;

BY: _____
      GREGORY M. O'NEAL
      2 S. Jefferson St.
      P.O. Box 555
      Winchester, TN  37398
      (931) 967-9496
      BPR #5617

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Motion to Withdraw has been mailed to Mr. Steven W. Keyt, **LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC,** 200 W. ML King Blvd., Ste 500, Chattanooga, TN 37402 and Ms. Lucille P. Ellis, 110 Wells St., Estill Springs, TN 37330 this the ___ day of July, 2016.

_____
GREGORY M. O'NEAL

IN THE CIRCUIT COURT OF TENNESSEE
TWELFTH JUDICIAL DISTRICT
AT WINCHESTER
DIVISION III

48.6137

LUCILLE P. ELLIS,

    PLAINTIFF,

VS.

                       NO. 2016-CV-164

STATE AUTO INSURANCE
COMPANY AND V.R. WILLIAMS
INSURANCE COMPANY, INC.,

    DEFENDANTS.

FILED 8-4-16
TIME 12:15 AM
ROBERT BAGGETT
CIRCUIT COURT CLERK
FRANKLIN COUNTY, TN

---

### NOTICE OF APPEARANCE

---

    The undersigned herewith gives notice of appearance of Leland M. McNabb, and McNabb, Bragorgos & Burgess, PLLC in this cause for Defendant, State Auto Insurance Company. All defenses and objections to the Complaint are specifically reserved.

                Respectfully submitted,

                McNABB, BRAGORGOS & BURGESS, PLLC

                By: _____
                LELAND M. McNABB #7551
                Attorney for State Auto Insurance Company
                81 Monroe, Sixth Floor
                Memphis, Tennessee 38103
                Telephone: (901) 624-0640
                Fax: (901) 624-0650
                lmcnabb@mbb-law.com

## CERTIFICATE OF SERVICE

This certifies that a copy of the foregoing has been served upon opposing counsel for all parties or all parties individually as follows,

Gregory M. O'Neal, Esq.
2 S. Jefferson Street
P.O. Box 555
Winchester, TN 37398

Steven Keyt, Esq.
Leitner Williams Dooley Napolitan
Tallan Building
200 W. ML King Blvd., Suite 500
Chattanooga, TN 37402-2566

by placing a copy of same in the U.S. Mail, postage prepaid, on the ___ day of August, 2016.

LELAND M. McNABB

S:\ACTIVE FILES\6137.48\SUBSTANTIVE\NOTICE OF APPEAR.docx

2

IN THE CIRCUIT COURT OF TENNESSEE
TWELFTH JUDICIAL DISTRICT
AT WINCHESTER
DIVISION III

48.6137

LUCILLE P. ELLIS,

    PLAINTIFF,

VS.

                          NO. 2016-CV-164

STATE AUTO INSURANCE
COMPANY AND V.R. WILLIAMS
INSURANCE COMPANY, INC.,

    DEFENDANTS.

FILED 8-4-16
TIME 10:15 A.M.
ROBERT BAGGETT
CIRCUIT COURT CLERK
FRANKLIN COUNTY, TN

## MOTION OF DEFENDANT STATE AUTO INSURANCE COMPANY
## FOR ENLARGEMENT OF TIME TO ANSWER COMPLAINT

### MOTION

Defendant, State Auto Insurance Company, moves the Court for enlargement of time within which to answer the Complaint, pursuant to Tenn. R. Civ. P. 6.02.

### MEMORANDUM

Because counsel for Defendant has only recently been retained, counsel has had insufficient time to investigate the claims made to prepare an Answer to the Complaint. This request is made within the time permitted by Tenn. R. Civ. P. 12.01, and counsel for Plaintiff and Defendants have agreed that Defendant's Answer should be due October 10, 2016, all counsel having discussed Defendant's request for an enlargement of time and having agreed that it is appropriate.

Respectfully submitted,

McNABB, BRAGORGOS & BURGESS, PLLC


By: _____
LELAND M. McNABB #7551
Attorney for State Auto Insurance Company
81 Monroe, Sixth Floor
Memphis, Tennessee 38103
Telephone: (901) 624-0640
Fax: (901) 624-0650
lmcnabb@mbb-law.com


## CERTIFICATE OF SERVICE

This certifies that a copy of the foregoing has been served upon opposing counsel for all parties or all parties individually as follows,

Gregory M. O'Neal, Esq.          Steven Keyt, Esq.
2 S. Jefferson Street             Leitner Williams Dooley Napolitan
P.O. Box 555                      Tallan Building
Winchester, TN 37398             200 W. ML King Blvd., Suite 500
                                 Chattanooga, TN 37402-2566


by placing a copy of same in the U.S. Mail, postage prepaid, on the ___8th___ day of August, 2016.

_____
LELAND M. McNABB


S:\ACTIVE FILES\6137.48\SUBSTANTIVE\MOTION FOR TIME.docx

2

## IN THE CIRCUIT COURT FOR FRANKLIN COUNTY, TENNESSEE

| | | |
|---|---|---|
| LUCILLE P. ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2016-CV-164 |
| | ) | |
| STATE AUTO INSURANCE COMPANY | ) | |
| AND V.R. WILLIAMS INSURANCE | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF V.R. WILLIAMS INSURANCE COMPANY, LLC

**COMES** the Defendant, V.R. Williams Insurance Company, LLC (hereinafter "V.R. Williams"), and for Answer to the Complaint avers as follows:

### I.

The Complaint fails to state a cause of action upon which relief can be granted as to V.R. Williams. V.R. Williams reported the claim arising out of the incident of June 20, 2014 to State Auto and thereafter had no further duty concerning the claim. Plaintiff's coverage was increased from year-to-year upon renewal of her policy by State Auto to account for increases in building costs. The Plaintiff has not stated a cause of action against V.R. Williams.

### II.

For response to the allegations contained in the numbered paragraphs of the Complaint, V.R Williams avers:

1. The allegations contained in Paragraph 1 of the Complaint concerning the residence of the Plaintiff are admitted.

2. The allegations contained in Paragraph 2 of the Complaint concerning State Auto are admitted.

3.     The allegations contained in Paragraph 3 of the Complaint concerning V.R. Williams are admitted.

4.     It is admitted the Plaintiff is the owner of the residence located at 1110 Wells Street in Estill Springs, Tennessee. It is admitted said residence was insured by State Auto pursuant to the policy bearing Policy No. HTN0002591 with a policy period of May 23, 2014 to May 23, 2015, which policy was a renewal of a pervious State Auto policy. With regard to the allegations concerning the coverage provided by the State Auto policy, it is averred the policy provided that coverage stated in the policy and pursuant to all the terms, conditions, and exclusions contained therein. V.R Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Exhibit "1" being a complete copy of the State Auto policy.

5.     With regard to the allegations contained in Paragraph 5 of the Complaint, it is admitted V.R. Williams is listed as the agent on the State Auto policy. V. R. Williams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of the Complaint.

6.     V.R. Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint. It is admitted the Plaintiff reported a claim based upon a burst water heater to V.R. Williams. V.R. Williams promptly reported the claim to State Auto.

7.     It is admitted the Plaintiff reported an incident but it is averred she did so on June 27, 2014. V. R. Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Plaintiff's request for a cleaning company but avers it would not be in the position to do anything other than report the incident to State Auto, the

insurance carrier. V.R. Williams admits it made no arrangements for the cleanup of the Plaintiff's property.

8.      V.R. Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.      V.R. Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.     V.R. Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.     V.R. Williams denies any and all allegations contained in Paragraph 11 of the Complaint directed to it and denies the Plaintiff is entitled to any of the relief sought from the agency. V.R. Williams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Complaint.

12.     V.R. Williams admits policy HTN0002591 was issued with dwelling coverage in the amount of $162,900.00. The policy issued by State Auto indicates in the declarations the amount of coverage is being increased by State Auto "due to repair and replacement cost increases." State Auto was responsible for increasing the coverage and apparently did so to ensure the coverage was adequate to replace the dwelling in the event it was destroyed. Any and all remaining allegations containing in Paragraph 12 of the Complaint are denied.

13.     V.R. Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.     The allegations contained in Paragraph 14 of the Complaint appear to be directed solely to State Auto and, accordingly, no response is required of V.R. Williams. To the extent the allegations are intended to refer to V.R. Williams, they are denied.

15. The allegations contained in Paragraph 15 of the Complaint, as they relate to V.R. Williams, are denied.

16. Any and all allegations of the Complaint not previously admitted, denied, or otherwise explained are here and now denied as if specifically denied above.

## III.

The Plaintiff received her policy from State Auto and, at each renewal, received declarations pages indicating the coverage being purchased, including the amount of dwelling coverage, and providing other information. She also received new policy forms and endorsements. The Plaintiff is conclusively presumed to have read, understood, and agreed to all terms, conditions, and provisions of the policy.

## IV.

The Plaintiff paid the premium for the policy issued by State Auto. A presumption arises from payment of the premium that the coverage provided was accepted by the Plaintiff. Tenn. Code Ann. §56-7-135(b).

## V.

The Plaintiff's cause of action for violation of the Tennessee Consumer Protection Act is barred by the Tennessee Unfair Trade Practices and Unfair Claims Settlement Act of 2009. The sole and exclusive statutory remedies and sanctions applicable to insurance producers in the State of Tennessee are those provided for by the Act, and exclude any sanctions and remedies provided for by the Tennessee Consumer Protection Act. Tenn. Code Ann. §56-8-113.

## VI.

The Plaintiff is guilty of fault. The Plaintiff was provided a copy of her policy by State Auto and each renewal of the policy, including a declarations page which indicated the amount

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that the foregoing document has been delivered to all counsel for parties at interest in this cause by placing a copy of same in the United States mail, postage prepaid, in a properly addressed envelope, or by hand delivering same to each such attorney as follows:

Gregory M. O'Neal
2 S. Jefferson St.
P.O. Box 555
Winchester, TN 37398

Leland M. McNabb
McNabb, Bragorgos & Burgess, PLLC
81 Monroe Avenue, Sixth Floor
Memphis, TN 38103

This _15th_ day of _August_, 2016.

By: _____
STEVEN W. KEYT (009200)

IN THE CIRCUIT COURT OF FRANKLIN COUNTY, TENNESSEE

LUCILLE P. ELLIS,                  )
                                   )
          Plaintiff,               )
                                   )
vs.                                )    Case No.: __2016-CV-164__
                                   )
STATE AUTO INSURANCE COMPANY       )
and V.R. WILLIAMS INSURANCE        )
COMPANY, INC.                      )    FILED _8-16-16_
                                   )    TIME _11:00_ A.M.
          Defendant.               )    ROBERT BAGGETT
                                   )    CIRCUIT COURT CLERK
_____)    FRANKLIN COUNTY, TN

## ORDER

This cause came onto be heard on the 16th day of August, 2016 before the Honorable J. Curtis Smith, Circuit Judge for Franklin County, Tennessee, upon the Motion of counsel for the Plaintiff to be allowed to withdraw as counsel of record, proper notice being giving to the Plaintiff and Defendants, the appearance of counsel, and upon the entire record from all of which it is, herby

**ORDERED, ADJUDGED AND DECREED** that **GREGORY M. O'NEAL** is hereby relieved as counsel for the Plaintiff in this cause of action. It is further

**ORDERED, ADJUDGED AND DECREED** that the Plaintiff shall be allowed sixty (60) days from the entry of this Order in which to employ new counsel and have counsel enter their appearance with the Court.

ENTERED this the 16th day of August, 2016.

_____
J. CURTIS SMITH, Circuit Judge

BY: _____
GREGORY M. O'NEAL
2 S. Jefferson St.
P.O. Box 555
Winchester, TN 37398
(931) 967-9496
BPR #5617

### CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Order has been mailed to the following:

Mr. Steven W. Keyt
**LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC**
200 W. ML King Blvd., Ste 500
Chattanooga, TN 37402

Mr. Leland M. McNabb
**McNABB, BRAGORGOS & BURGESS, PLLC**
Sixth Floor
81 Monroe Avenue
Memphis, TN 38103

Ms. Lucille P. Ellis
110 Wells St.
Estill Springs, TN 37330

This the 16 day of August, 2016.

_____
GREGORY M. O'NEAL

Certificate of Service
I certify that I have delivered
or mailed to all parties or their
counsel in this matter a true
copy of this document.

_____
( ) Clerk  (X) D.C.   Date

8-17-16

**IN THE CIRCUIT COURT FOR FRANKLIN COUNTY, TENNESSEE**

| | | |
|---|---|---|
| LUCILLE P. ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2016-CV-164 |
| | ) | |
| STATE AUTO INSURANCE COMPANY | ) | |
| AND V.R. WILLIAMS INSURANCE | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED ANSWER OF V.R. WILLIAMS & COMPANY, LLC**

**COMES** the Defendant, V.R. Williams & Company, LLC (hereinafter "V.R. Williams"), and, pursuant to Rule 15.01, files this Amended Answer to the Complaint and avers as follows:

**I.**

The Complaint fails to state a cause of action upon which relief can be granted as to V.R. Williams. V.R. Williams reported the claim arising out of the incident of June 20, 2014 to State Auto and thereafter had no further duty concerning the claim. Plaintiff's coverage was increased from year-to-year upon renewal of her policy by State Auto to account for increases in building costs. The Plaintiff has not stated a cause of action against V.R. Williams.

**II.**

For response to the allegations contained in the numbered paragraphs of the Complaint, V.R Williams avers:

1. The allegations contained in Paragraph 1 of the Complaint concerning the residence of the Plaintiff are admitted.

2. The allegations contained in Paragraph 2 of the Complaint concerning State Auto are admitted.

3.     The allegations contained in Paragraph 3 of the Complaint concerning V.R. Williams are admitted except the name of the company is V.R. Williams & Company, LLC.

4.     It is admitted the Plaintiff is the owner of the residence located at 1110 Wells Street in Estill Springs, Tennessee.  It is admitted said residence was insured by State Auto pursuant to the policy bearing Policy No. HTN0002591 with a policy period of May 23, 2014 to May 23, 2015, which policy was a renewal of a pervious State Auto policy.  With regard to the allegations concerning the coverage provided by the State Auto policy, it is averred the policy provided that coverage stated in the policy and pursuant to all the terms, conditions, and exclusions contained therein.  V.R Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Exhibit "1" being a complete copy of the State Auto policy.

5.     With regard to the allegations contained in Paragraph 5 of the Complaint, it is admitted V.R. Williams is listed as the agent on the State Auto policy.  V. R. Williams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of the Complaint.

6.     V.R. Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.  It is admitted the Plaintiff reported a claim based upon a burst water heater to V.R. Williams.  V.R. Williams promptly reported the claim to State Auto.

7.     It is admitted the Plaintiff reported an incident but it is averred she did so on June 27, 2014.  V. R. Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Plaintiff's request for a cleaning company but avers it would not be in the position to do anything other than report the incident to State Auto, the

insurance carrier. V.R. Williams admits it made no arrangements for the cleanup of the Plaintiff's property.

8.      V.R. Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.      V.R. Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.     V.R. Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.     V.R. Williams denies any and all allegations contained in Paragraph 11 of the Complaint directed to it and denies the Plaintiff is entitled to any of the relief sought from the agency. V.R. Williams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Complaint.

12.     V.R. Williams admits policy HTN0002591 was issued with dwelling coverage in the amount of $162,900.00. The policy issued by State Auto indicates in the declarations the amount of coverage is being increased by State Auto "due to repair and replacement cost increases." State Auto was responsible for increasing the coverage and apparently did so to ensure the coverage was adequate to replace the dwelling in the event it was destroyed. Any and all remaining allegations containing in Paragraph 12 of the Complaint are denied.

13.     V.R. Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.     The allegations contained in Paragraph 14 of the Complaint appear to be directed solely to State Auto and, accordingly, no response is required of V.R. Williams. To the extent the allegations are intended to refer to V.R. Williams, they are denied.

15.     The allegations contained in Paragraph 15 of the Complaint, as they relate to V.R. Williams, are denied.

16.     Any and all allegations of the Complaint not previously admitted, denied, or otherwise explained are here and now denied as if specifically denied above.

### III.

The Plaintiff received her policy from State Auto and, at each renewal, received declarations pages indicating the coverage being purchased, including the amount of dwelling coverage, and providing other information.  She also received new policy forms and endorsements. The Plaintiff is conclusively presumed to have read, understood, and agreed to all terms, conditions, and provisions of the policy.

### IV.

The Plaintiff paid the premium for the policy issued by State Auto.  A presumption arises from payment of the premium that the coverage provided was accepted by the Plaintiff.  Tenn. Code Ann. §56-7-135(b).

### V.

The Plaintiff's cause of action for violation of the Tennessee Consumer Protection Act is barred by the Tennessee Unfair Trade Practices and Unfair Claims Settlement Act of 2009.  The sole and exclusive statutory remedies and sanctions applicable to insurance producers in the State of Tennessee are those provided for by the Act, and exclude any sanctions and remedies provided for by the Tennessee Consumer Protection Act.  Tenn. Code Ann. §56-8-113.  Further, V.R. Williams pleads and relies upon the Limitation of Actions set forth in Tenn. Code Ann. §47-18-110.

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that the foregoing document has been delivered to all counsel for parties at interest in this cause by placing a copy of same in the United States mail, postage prepaid, in a properly addressed envelope, or by hand delivering same to each such attorney as follows:

Lucille P. Ellis
110 Wells Street
Estill Springs, TN 37330

Leland M. McNabb
McNabb, Bragorgos & Burgess, PLLC
81 Monroe Avenue, Sixth Floor
Memphis, TN 38103

This __23rd__ day of __August__, 2016.

By: _____
STEVEN W. KEYT (009200)

IN THE CIRCUIT COURT OF TENNESSEE
TWELFTH JUDICIAL DISTRICT
AT WINCHESTER
DIVISION III

48.6137

LUCILLE P. ELLIS,

   PLAINTIFF,

VS.

NO. 2016-CV-164

STATE AUTO INSURANCE
COMPANY AND V.R. WILLIAMS
INSURANCE COMPANY, INC.,

FILED 8-24-16
TIME 11:50 AM
ROBERT BAGGETT
CIRCUIT COURT CLERK
FRANKLIN COUNTY, TN

   DEFENDANTS.

## AGREED ORDER ENLARGING TIME FOR
## DEFENDANT'S ANSWER TO COMPLAINT

This matter came on to be heard on the motion of Defendant, State Auto Insurance Company, for enlargement of time for answer to the Complaint under Tenn.R.Civ.P. 6.02, and with the agreement of the parties,

THE COURT FINDS that the Motion for Enlargement of Time is made with the agreement of all parties and is well taken, and it is therefore

ORDERED, ADJUDGED AND DECREED that Defendant, State Auto Insurance Company, is allowed additional time for answer to the Complaint through and including October 10, 2016.

JUDGE

DATE: 8/15/16

APPROVED:

_Gregory M. O'Neal_ (handwritten, signed by LMM per telephone and email authorization)

Gregory M. O'Neal #05617
Attorney for Plaintiff
2 S. Jefferson Street
P.O. Box 555
Winchester, TN 37398
Telephone: (931) 967-9496
gregorymoneal@bellsouth.net


LEITNER WILLIAMS DOOLEY NAPOLITAN

By: _Steven Keyt_ (handwritten, signed by LMM per telephone and email authorization)

Steven Keyt #09200
Tallan Building
200 W. ML King Blvd., Suite 500
Chattanooga, TN 37402-2566
Telephone: (423) 424-3910
Fax: (423) 266-5490
steven.keyt@leitnerfirm.com


McNABB, BRAGORGOS & BURGESS, PLLC

By: _(signature)_

Leland M. McNabb #07551
Attorney for State Auto Insurance Company
81 Monroe, Sixth Floor
Memphis, Tennessee 38103
Telephone: (901) 624-0640
Fax: (901) 624-0650
lmcnabb@mbb-law.com

2

48.6137

LUCILLE P. ELLIS,

    PLAINTIFF,

VS.

                            **NO. 2016-CV-164**
                            **JURY DEMANDED**

STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY
(misnamed STATE AUTO
INSURANCE COMPANY) AND V.R.
WILLIAMS INSURANCE COMPANY,
LLC (misnamed V.R. WILLIAMS
INSURANCE COMPANY, INC.)

    DEFENDANTS.

FILED 9-15-16
TIME 11:00 AM
ROBERT BAGGETT
CIRCUIT COURT CLERK
FRANKLIN COUNTY, TN

## ANSWER OF DEFENDANT STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY (MISNAMED STATE AUTO INSURANCE COMPANY)

For answer to the Complaint of Lucille P. Ellis, Defendant State Auto Property and Casualty Insurance Company, misnamed in the Complaint as State Auto Insurance Company, says:

### FIRST DEFENSE

Tenn. Code Ann. § 56-8-113 bars all claims purported to be stated by Plaintiff as arising under the Tennessee Consumer Protection Act, Tenn. Code Ann. § 48-18-101, *et seq.*, and the Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The burden of proof rests upon Plaintiff with respect to all particulars alleged and relied upon by her in her Complaint. Plaintiff bears the burden of showing by clear and convincing evidence all aspects of her claim for punitive damages.

## THIRD DEFENSE

Plaintiff's claims of fraudulent valuation fail to state a claim upon which relief can be granted because the claims as stated are insufficient under Tenn.R.Civ.P. 9.02, lacking particularity.

## FOURTH DEFENSE

Plaintiff's exclusive remedy for refusal to pay a claim is embraced in Tenn. Code Ann. § 56-7-105 and all Plaintiff's claims which do not fall within the exclusive remedy fail to state a claim upon which relief can be granted.

## FIFTH DEFENSE

Defendant avers it is entitled to the rebuttable assumption afforded it pursuant to Tenn. Code Ann. § 56-7-135(b).

## SIXTH DEFENSE

For answer to the numbered paragraphs of the Complaint, Defendant says:

1.     Defendant admits the allegations of Paragraph 1 of the Complaint that Plaintiff is a citizen of Franklin County, Tennessee, residing at 110 Wells Street, Estill Springs, Franklin County, Tennessee.

2.     Defendant State Auto Property and Casualty Insurance Company, misnamed State Auto Insurance Company in the Complaint, admits it is a corporation

2

doing business in the State of Tennessee and can be served with process through the Commissioner of Insurance of the State of Tennessee.

3.     Defendant admits the allegations of Paragraph 3 of the Complaint except Defendant avers the correct name of the Codefendant is V.R. Williams & Company, LLC.

4.     Responding to the allegations of Paragraph 4 of the Complaint, Defendant admits Plaintiff Ellis owns her residence located at 110 Wells Street, Estill Springs, Franklin County, Tennessee.   Defendant admits State Auto Property and Casualty Insurance Company insured Plaintiff's residence and issued Policy Number HTN0002591 having a policy period beginning May 23, 2014 and ending May 23, 2015, providing coverages stated in the policy and subject to the terms, conditions, and exclusions contained in the policy.  Defendant denies a copy of the policy was attached as Exhibit 1 to the Complaint served upon it, and therefore, lacks information upon which to formulate a belief whether the policy attached to the Complaint was complete and accurate; however, Defendant believes and avers that the parties can agree by stipulation to a certified copy of the applicable policy of insurance.

5.     Responding to the allegations of Paragraph 5 of the Complaint, Defendant admits V.R. Williams & Company, LLC, was the agent identified in the renewal declarations of Policy No. HTN0002591 having a policy period from May 23, 2014 to May 23, 2015.  Defendant admits the referenced policy was in force during its policy term.

6.     Responding to the allegations of Paragraph 6 of the Complaint, Defendant lacks personal knowledge of the date and time on which the water leak which underlies Plaintiff's claim occurred.  Defendant admits there was a water leak within Plaintiff's

3

residence causing damage to Plaintiff's bathroom and immediately adjacent areas in the residence.

7. Defendant lacks information upon which to formulate a belief as to the truth of the allegations of Paragraph 7 of the Complaint.

8. Defendant denies the allegations of Paragraph 8 of the Complaint as stated.

9. Responding to the allegations of Paragraph 9 of the Complaint, Defendant admits Barrett Construction inspected the damage within Plaintiff's residence and estimated repair costs for Plaintiff's bathroom, hall, and water heater closet. Defendant denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendant lacks information upon which to formulate a belief as to the truth of allegations concerning Plaintiff's obtaining damage estimates and denies all remaining allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations of Paragraph 11 of the Complaint.

12. Responding to the allegations of Paragraph 12 of the Complaint, Defendant admits the policy of insurance HTN0002591 stated a limit of coverage for Plaintiff's dwelling at $162,900. Defendant lacks information upon which to formulate a belief as to the truth of Plaintiff's statement of the actual value of her dwelling structure. Defendant denies all other allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations of Paragraph 13 of the Complaint.

4

14. Defendant denies the allegations of Paragraph 14 of the Complaint, and affirmatively avers that Tenn. Code Ann. § 56-8-113 bars the claims stated by Plaintiff in Paragraph 14 of the Complaint.

15. Defendant denies the allegations of Paragraph 15 of the Complaint.

16. Defendant denies Plaintiff is entitled to judgment against the Defendant in the amount of $150,000, and further denies Plaintiff is entitled to an award of punitive damages in the amount of $1,000,000, or in any amount.

17. All allegations of the Complaint not hereinabove admitted, denied, or explained are now specifically and categorically denied.

SEVENTH DEFENSE

Plaintiff failed to make reasonable efforts to avoid loss and to minimize damages to her property and to avoid unnecessary expense.

JURY DEMAND/SEPARATE TRIAL

Defendant demands trial of the issues herein joined by a jury of twelve (12) citizens who shall be required to reach a unanimous verdict. Defendant further demands separate trial of the issues of compensatory and punitive damages.

Respectfully submitted,

McNABB, BRAGORGOS & BURGESS, PLLC

By: _____
LELAND M. McNABB #7551
Attorney for State Auto Property and
Casualty Insurance Company
81 Monroe, Sixth Floor
Memphis, Tennessee 38103
Telephone: (901) 624-0640
Fax: (901) 624-0650
lmcnabb@mbb-law.com

5

## CERTIFICATE OF SERVICE

This certifies that a copy of the foregoing has been served upon opposing counsel for all parties or all parties individually as follows,

Lucille P. Ellis
110 Wells Street
Estill Springs, TN 37330

Steven Keyt, Esq.
Leitner Williams Dooley Napolitan
Tallan Building
200 W. ML King Blvd., Suite 500
Chattanooga, TN 37402-2566

by placing a copy of same in the U.S. Mail, postage prepaid, on the 12th day of September, 2016.

LELAND M. McNABB

S:\ACTIVE FILES\6137.48\SUBSTANTIVE\ANSWER OF STATE AUTO.docx